AMERICAN GRAPE GROWERS ALLIANCE FOR FAIR TRADE, ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 84-04-00575

Before WATSON, *Judge.*

(Decided October 7, 1985)

*Michael P. Mabile,* Assistant General Counsel and *Wayne W. Herrington* for defendant U.S. International Trade Commission.
*Heron, Burchette, Ruckert and Rothwell.* (*Thomas A. Rothwell, Jr.* and *James M. Lyons*) for plaintiffs.
*Covington and Burling.* (*Harvey M. Applebaum, O. Thomas Johnson, Jr.* and *David R. Grace*) and *Wiggin and Dana.* (*Shaun S. Sullivan, Mark R. Kravitz* and *Jack Dunnam*) for defendant-intervenor Banfi Products Corporation.
*Arnold and Porter.* (*Robert Herzstein, Thomas B. Wilner* and *Alan O. Sykes*) for defendant-intervenor Brown-Forman Corporation.
*Barnes, Richardson and Colburn.* (*James H. Lundquist* and *Gunter von Conrad*) for defendant-intervenor Schieffelin and Co.
*Plaia and Schaumberg Chartered.* (*Herbert C. Shelley, Tom M. Schaumberg, Joel D. Kaufman* and *George W. Thompson*) for defendant-intervenor Joseph E. Seagram and Sons, Inc.

Buchman, Schreiber, MacKnight, Buchman and O'Brien. (*William B. Schreiber* and *T. Raymond Williams*) for defendant-intervenors Star Industries, et al.

Law Offices of Max N. Berry. (*Max N. Berry* and *Marsha A. Echol*) for amicus curiae French Federation of Wine and Spirits Exporters.

WATSON, *Judge:* The United States International Trade Commission (ITC) has moved under Rule 62(d) of the Rules of this Court for a stay of enforcement of this Court's final judgment in *American Grape Growers Alliance for Fair Trade, et al.* v. *United States,* 9 CIT 396, Slip Op. 85–84 (August 8, 1985). The motion is opposed by plaintiffs and supported by defendant-intervenors.

In this opinion the Court explains why it denies the motion and declines to enter a stay pending appeal.

The judgment sought to be stayed reversed a determination by the ITC and has the effect of requiring them and the Commerce Department to proceed with antidumping and countervailing duty investigations of ordinary table wine imported from France and Italy. It was the decision of the Court that the investigation has been terminated unlawfully due to the application of an excessively stringent standard for determining whether there was a reasonable indication of injury at the preliminary stage.

The defendants first argue that they are entitled to a stay as of right. This position has no merit. The plain wording of Rule 62(d) provides that "when an appeal is taken, the appellant * * * may obtain a stay. * * *" The word "may" clearly conveys the senses that the granting of a stay is within the discretion of the Court. Moreover, it must be recalled that our Rule 62(d) is patterned after Rule 62(d) of the Federal Rules of Civil Procedure. The latter rule obviously contemplates the exercise of discretion by the district courts because otherwise there would be no need for Rule 8 of the Federal Rules of Appellate Procedure, providing for the issuance by Courts of Appeal of stays pending appeal.

Finally, it would offend the Court's basic sense of justice if its judgments, insofar as they deal with situations in which injury may be continuing, would routinely have no effect while the decision is appealed. This would detract from the meaningfulness and authority of the Court's judgments.

We are not speaking here of decisions granting money judgments, in which the rights of the party granted judgment may be adequately secured during appeal by the posting of a bond or merely by the security inherent in the continued existence of the defendant government and its presumed creditworthiness.

The rather limited treatment of this point in Moore's Federal Practice ¶ 62.06 does nothing to support defendant's views because it is based primarily on stays of money judgments, in which there is little difficulty. This too is the thrust of the opinion of Justice Harlan, writing as Circuit Justice in *American Manufacturers Mutual Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc.,* 87 S. Ct. 1 (1966).

As a result of the observation that mandatory stays seem to be most suited to money judgments we may rather easily conclude that in the case of more problematic matters of judgment on the subject of agency actions or derelictions the granting of a stay is not mandatory.

The real question is whether defendants have satisfied the criteria for the granting of a discretionary stay. These criteria are often stated as resembling the four familiar standards for issuing a preliminary injunction, i.e., the likelihood of success of the party seeking relief, the irreparable nature of the injury which it faces, the balancing of the harm to the parties which may arise from granting the relief, and the general factor of the public interest. *Timken Co.* v. *United States,* 4 CIT 263, 264, n.2., 553 F. Supp. 1060, 1062 n.2. (1982). These factors were all examined and found not to justify a stay in *Roses, Inc.* v. *United States,* 4 CIT 172 (1982). The defendants make a weak theoretical arguments designed to demonstrate by a sort of psychoanalysis of the *Roses* decision, that the Court might have thought it was granting some sort of injunction and operating under Rule 62(c) rather than 62(d), but the argument is tenuous and labored. The subject of that opinion is plainly a stay of an ordinary judgment, not a stay of a decision regarding an injunction.

With some additional refinements the Court agrees with the approach taken in the *Roses* opinion. The factor of likelihood of success, however, need not be given the same weight in deciding whether to grant a stay pending appeal as it may be given in deciding whether to issue a preliminary injunction.

In the area of stays pending appeal likelihood of success means the likelihood that the Court's judgment will be overturned by an appellate court. It is hard to imagine a judge ever answering that question in the affirmative unless he had a cynical view of his opinion or of the wisdom of the appellate court. Obviously, to make the factor of likelihood of success a plausible one in this area it would be have to become a decision on whether or not there were reasonable grounds to make an appeal. This in turn, is something that can normally be said of *most* appeals except for the few that can be labeled frivolous. It follows that such a factor would do little to distinguish between cases worthy of stays and those unworthy of stays. It could only work to find that those cases which have a reasonable ground for appeal are worthy of a stay—which is an absurd result, equivalent to saying that a stay is indicated except if the appeal is frivolous. So we may conclude that the likelihood of success of an appeal is a somewhat anomalous factor and may safely be given slight attention. Along with this factor we may also consign to a low level of importance, the conviction with which the defendant maintains its disagreement with the judgment of this Court.

The crux of the matter, as it should be, is the question of whether the stay will *avoid* an injury or *cause* an injury. In *Landis* v. *North American Company,* 299 U.S. 248 (1936) Justice Cardozo explained

that a court determination of whether or not to grant a stay "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." 299 U.S. at 254–55. The essential burden of the party seeking a stay was stated as follows:

> The supplicant for stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.

Id. at 255.

In this case there is a fair possibility that a stay of judgment will do damage to the plaintiffs. It must be emphasized that this was a decision that a party claiming to be suffering injury was unlawfully deprived of the potential benefits of an administrative proceeding designed to relieve that injury. It seems almost self evident that the deprivation of a process of relief is far more serious and more in the nature of real injury than the burdens of conducting, and participating in, an administrative investigation. See, *Ohio Environmental Council* v. *United States District Court,* 565 F.2d 393, 396 (6th Cir. 1977).

Furthermore, beyond the immediate and rather easy step of compliance with this Court's judgment, the ITC's next formal involvement does not take place until after the Commerce Department makes its preliminary determinations of subsidy or sales at less than fair value, which will most likely not occur until months have elapsed after these proceedings are resumed.

In any event, even if the agency's investigative obligations were to begin immediately, the Court would not consider the conduct of an investigation to be an injury to the agency or the government. These are investigations which Congress has mandated and which were specifically intended to be given expeditious treatment on all levels. *S. Rep. No. 249,* 96th Cong., 1st Sess. 37 (1979). *See also id.* at 250. In this respect the factor of the public interest is plainly enlisted against the granting of a stay. These investigations are already complicated and time-consuming. Courts of law should not add waiting-rooms to labyrinths.

Those who are required to conduct the investigation and those who must participate in it may experience inconvenience and expense but this can ordinarily be presumed to be inherent in the conduct of lawful proceedings and it is of secondary importance to the possible injury which the proceedings are intended to remedy. Even the first investigative events with tangible effects on a party, namely, the preliminary determination of subsidy under 19 U.S.C. § 1671b or of sales at less than fair value under 19 U.S.C. § 1673b, cannot be said to ordinarily cause an injury even though they cause liquidations of entries to be suspended and necessitate the posting of deposits, bonds or other security by the importers. *A fortiori,* the mere conduct of the ITC's injury investigation cannot be called an injury either to the agency or the parties involved.

On the scale of values which the Court employs in measuring the effect of the stay requested, the Court finds that there is a fair possibility of damage to plaintiffs from the granting of a stay, no comparable harm to anyone else, and a strong public interest in the uninterrupted progress of these investigations.

Accordingly, the motion for a stay of judgment pending appeal is DENIED.